FILED ENTERED
LODGED RECEIVED

FEB 02 2012

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF | * |
| | * |
| SOPO NGWA | *   Miscellaneous Case No. 10-0270 |
| | * |
| Respondent | * |

## MEMORANDUM OPINION AND ORDER

At the request of the Disciplinary and Admissions Committee of the Court, authorized by the Full Bench, a Three-Judge Panel of the Court conducted a hearing on January 28, 2011, to review the propriety of Respondent's membership in the Bar of this Court.

The record showed that Respondent was admitted to the Court's Bar on August 3, 2009 on the basis of reciprocity and his representation that his principal office for the practice of law was in the State of Arizona.

Thereafter it came to the attention of the Court that, because Respondent apparently maintained his principal office for the practice of law in the State of Maryland, a jurisdiction in which he was not admitted to practice, his membership application was in violation of the Court's Local Rules.

Thus, Local Rule 701.1.a in general states:

> "Except as provided in subsection (c) and (d) of this Rule, an attorney is qualified for admission to the Bar of this District if the attorney is, and continuously remains, a member in good standing of the highest court of any state (or the District of Columbia) in which the attorney maintains his or her principal office or of the Court of Appeals of Maryland."

-2-

Further, Local Rule 701.1.d entitled "Non-Maryland Lawyers Maintaining Office in Maryland," states:

> "An attorney who is not a member of the Maryland Bar is not qualified for admission of the Bar of this District if the attorney maintains any law office in Maryland."

The evidence presented to the hearing panel established that both at the time of Respondent's admission to the Court's Bar and continuing through mid-July, 2010, he did not maintain a *bona fide* principal office for the practice of law in the State of Arizona, and in fact maintained his principal office for the practice of law in Silver Spring, Maryland. In short, Respondent was never eligible for membership in the Court's Bar and, on that basis alone, the Court has determined to strike his membership in the Court's Bar.

While this is not a disbarment, the Court expresses strong concern for what the record unequivocally demonstrates were a number of deliberate misrepresentations made by Respondent in order to get admitted to the Court's Bar in 2009 and by his less than candid representations in dealing with the Court staff and the Disciplinary and Admissions Committee thereafter. This included Respondent, after being advised of his non-eligibility to practice before this Court, changing the name of his practice in Maryland from "The Sopo Ngwa Law Firm, LLC" to "Bankruptcy & Immigration Law Center, LLC," all the while continuing to file petitions with our Bankruptcy Court. Moreover, after being advised by the Court that he could not maintain an office in the State of Maryland, Respondent immediately sought to set up an office in Arizona that was in fact a sham.

Based on those actions, the Court has decided to impose the sanction of public censure.

-3-

Accordingly, whenever Respondent may be asked on any application hereafter whether he has ever been sanctioned by a court or disciplinary authority, he must bring the fact of this public censure to the attention of the requesting organization.

A copy of this Memorandum Opinion & Order shall be sent to the Arizona Bar Authorities and all other appropriate bar authorities.

This Opinion is entered on behalf of the Full Bench of the Court.

SO ORDERED this 1st day of February, 2012.

_____
**DEBORAH K. CHASANOW**
**CHIEF JUDGE**